UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD DODD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18CV880-PPS/MGG |
| WEXFORD MEDICAL, DR. JACKSON, JANE DOE NURSE #1, and JANE DOE NURSE #2, | |
| Defendants. | |

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed a complaint alleging that he has been (and continues to be) denied medical treatment for his ankylosing spondylitis and iritis.[1] Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

---

[1] Ankylosing spondylitis (AS) is a chronic form of arthritis. It mostly affects the bones and joints at the base of the spine where it connects with the pelvis. These joints can become swollen and inflamed. Iritis, which is a recurring or chronic eye inflammation, may occur with AS. https://medlineplus.gov/ency/article/000420.htm (last visited October 31, 2018).

at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Dodd is an inmate at the Westville Correctional Facility. He indicates that Westville has a grievance system that permits him to file a grievance about these events. He states that he has initiated the grievance process for the medical treatment surrounding both his ankylosing spondylitis and iritis, but he has not yet exhausted either claim. ECF 1 at 4. This allegation makes clear that there is a grievance process available at the prison, but that Dodd opted to file suit before exhausting that process because he wanted to get to court sooner rather than later. Though understandable, this he cannot do.

Pursuant to the Prisoner Litigation Reform Act (PLRA), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal based on an affirmative defense is appropriate when the plaintiff pleads himself out of court). The sole objective of [42

U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins. *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

Dodd filed this complaint before exhausting the prison's grievance system because he wants "help now." However, I cannot usurp the demands of the PLRA. Indeed, there is not even an "exception for prisoners who allege 'imminent danger' . . .." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010). Because it is apparent from the complaint that Dodd has not exhausted his available administrative remedies, Section 1997e(a) requires that this suit be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (noting that "it is essential to keep the courthouse doors closed until those efforts have run their course.").

ACCORDINGLY:

This case is DISMISSED WITHOUT PREJUDICE until after plaintiff Richard Dodd has exhausted whatever administrative remedies are available to him at Westville Correctional Facility.

SO ORDERED on October 31, 2018.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT